Per Curiam.

The first two sentences of subdivision (H) of Section 5739.01, Revised Code (126 Ohio Laws, 157), then read:
“(H) ‘Price’ means the aggregate value in money of any thing paid * # * by a consumer to a vendor in the complete performance of a retail sale, without any deduction on account of the cost of the property sold, cost of materials used, labor or service cost, interest or discount paid, or allowed after the sale is consummated, or any other expense. Price does not include the consideration received for labor or services used in installing, applying, remodeling, or repairing the property sold if the consideration for such services is separately stated from the *359 consideration received or to be received for the tangible personal property transferred in the retail sale.”
Appellant contends that the “D & H” charge was for labor only, was separately indicated on all customers invoices, was not carried as a part of the sales price, was not a part of the sales price as defined by Section 5739.01 (H), Eevised Code, and should not have been considered in determining the sales tax.
Appellee contends that the appellant was not installing, applying, remodeling or repairing property sold when it performed the services for the “D & H” charge but was, prior to selling, merely preparing its merchandise for sale, and nothing more, and that the charge was not a deductible labor charge within the meaning of Section 5739.01 (H), Eevised Code. Appellant owned the property when the “D & H” service was being performed.
The Board of Tax Appeals concluded that appellant, in its operation of selling new and used cars, was not an installer, applier, remodeler, or repairman and, therefore, was not conducting that particular type of operation which would permit it to calculate sales tax in the manner it did during the audit period in question; that it did not qualify under any one of the exceptions noted in the second sentence of Section 5739.01 (H), Eevised Code; and that it could not compute the “price” of its vehicles being sold, under the terms of that sentence, but must compute the “price” on the basis of the provisions of the first sentence of paragraph (H) of that section.
This court cannot say from an examination of the record that the decision of the Board of Tax Appeals is unreasonable or unlawful, and it is, therefore, affirmed.

Decision affirmed.

Weygandt, C. J., Zimmerman, Taet, Matthias, Bell and Herbert, JJ., concur.
0 ’Neill, J., not participating.